UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                              Case Number:  04-14234-7

SHAWN PATRICK CROSSEN,

        Debtor.

---

MARK J. WITTMAN, TRUSTEE,

        Plaintiff,

v.                                                                   Adversary Number:  04-238

AMERIQUEST MORTGAGE COMPANY,

        Defendant.

---

MEMORANDUM OPINION, FINDINGS OF FACT,
AND
CONCLUSIONS OF LAW

The trustee in this case seeks to avoid the defendant's mortgage as a preferential transfer under 11 U.S.C. § 547(c).  The trustee, Mark J. Wittman, represents himself as attorney for the trustee.  The defendant is represented by Patrick B. Howell.  When the debtor filed bankruptcy on June 9, 2004, he owned a home in Schofield, Wisconsin.  Prior to the bankruptcy, the debtor sought to refinance his home mortgage.  On March 1, 2004, the debtor executed a note and mortgage in relation to the property in question.  The face amount of the promissory note was $187,000.00.  The defendant did not fund the loan until March 19, 2004.  The mortgage was recorded on March 26, 2004.

The trustee contends that the "transfer" of the mortgage took place on March 26, 2004. He further contends that, as such, the transfer is on account of an "antecedent debt" within the meaning of § 547(b) and that none of the defenses available to preference creditors are "relevant" to this case. The creditor contends that it is entitled to protection of the "safe harbor" provision of § 547(e)(2), which provides that a transfer is deemed to have been made "at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time." The creditor also argues that there is no antecedent debt at all because the loan was not funded until March 19 and the mortgage does not take effect until the funds are actually transferred.

It is important to understand that § 547(e)(2) is in essence a timing section. It determines when the transfer is deemed to have taken place for purposes of § 547(b). If, for example, a creditor perfects a mortgage within the 10-day window, the "transfer" is deemed to have been made as of the time the transfer "took effect" between the parties. Given that such a transfer would therefore have been made simultaneously with the corresponding monetary exchange between the parties, it is clearly not a preference. However, if the creditor does not perfect the mortgage within the 10-day window, the effect of the section is simply to define that the transfer of an interest in the mortgaged property took place "at the time such transfer is perfected."

The fact that a mortgage is perfected outside the 10-day window does not automatically mean that the creditor is not entitled to the defense under § 547(c)(1) that the transfer was a "contemporaneous exchange for new value." For example, in the case of In re Stephens, 242 B.R. 508 (D. Kan. 1999), the court ruled that a creditor was entitled to claim

2

that a security interest was a "substantially contemporaneous" exchange despite a 14-day delay between the execution of the loan and the perfection of the lien because there was sufficient evidence that the parties intended it as such and the bank acted promptly to perfect its interest.

Likewise, in the case of In re Dorholt, Inc., 224 F.3d 871 (8th Cir. 2000), the court concluded that the creditor's failure to perfect a security interest within the 10-day window did not, as a matter of law, preclude the transfer from being regarded as substantially contemporaneous. The court stated that "contemporaneity was a flexible concept that required a case-by-case inquiry into all the relevant circumstances." Id. at 874. The Seventh Circuit follows this same rule. See Pine Top Ins. v. Bank of America Nat. Trust & Sav., 969 F.2d 321, 328 (7th Cir. 1992); In re McLaughlin, 183 B.R. 171 (Bankr. W.D. Wis. 1995). Indeed, the Seventh Circuit instructs that "the modifier 'substantial' makes clear that contemporaneity . . . requires a case-by-case inquiry into all relevant circumstances (*e.g.*, length of delay, reason for delay, nature of the transaction, intentions of the parties, possible risk of fraud) surrounding an allegedly preferential transfer." Pine Top, 969 F.2d at 328.

In McLaughlin, the court was confronted by a creditor who failed to perfect its security interest in a mobile home within the 10-day time frame. The debtor in that case created a security interest in favor of the creditor by signing a security agreement on April 27; however, the security agreement was not enforceable against the debtor until it "attached," that is, until the creditor gave value and the debtor had rights in the collateral. That did not happen until May 12, but the creditor still did not perfect the security interest

until June 13. Under those facts, the court found that the transfer of the security interest was not substantially contemporaneous. Id. at 176.

Much like the debtor in McLaughlin, the debtor in this case created a security interest in the property on March 1, 2004, by executing the note and mortgage. However, as the creditor in this case points out, under Wisconsin law a mortgage secures the debt, not the note. Mitchell Bank v. Schanke, 268 Wis. 2d 571, 676 N.W.2d 849 (2004). Until there is a debt - until the creditor actually gives value to the debtor - the mortgage cannot be deemed enforceable against the debtor. As the court stated in Mitchell Bank, "this court would not allow a creditor to recover sums from a debtor if the creditor never advanced the money." Id. at 592.

In the recent case of Givens v. Countrywide Home Loans, Inc. (In re Jarosz), 322 B.R. 662 (E.D. Wis. 2005), the court was confronted with a similar situation in that the bankruptcy trustee sought to avoid a mortgage as a preference. The debtor testified that the note and mortgage were signed on December 18, 2002. The loan was funded on December 31, 2002, and the mortgage was recorded on January 17, 2003. The court concluded that the transaction was "not saved by the ten-day grace period" of § 547(e)(2). Id. at 674. However, the case involved considerable confusion regarding the signature of the debtor's wife on the mortgage documents, the execution of new "blank signature pages," and other irregularities. Further, the loan was funded, and the debtor became indebted to the creditor under the promissory note, more than 10 days before the mortgage was actually recorded.

Under § 547(e)(2), if a creditor perfects a security interest within 10 days of when the underlying transaction "takes effect" between the debtor and the creditor, the "transfer" of

4

the security interest is deemed to have occurred at that time. Here, the creditor advanced funds to the debtor on March 19. Before that day, the mortgage could hardly be deemed to have "taken effect" between the parties because no value had been given to the debtor. Because the mortgage was perfected within 10 days of when the transfer "took effect" between the debtor and the creditor, perfection must be deemed to have occurred at the same time - that is, on March 19.

Even if the transfer were deemed to have taken place on March 1, based on the facts before this Court it would appear that the subsequent transfer of the mortgage interest on March 26 would be "substantially contemporaneous" within the meaning of § 547(c)(1). The parties clearly envisioned and intended the transaction as such. Contemporaneity is a "flexible concept," and the relevant circumstances indicate that the creditor acted promptly to record its mortgage. Section 547(e)(2) does not create a bright line test for determining the avoidability of a transfer under § 547(c)(1). Congress used an elastic term when it said that a transfer need only be "substantially contemporaneous" to be protected under the exception. Dorholt, 224 F.3d at 874. Because the creditor acted promptly to perfect its mortgage after funding the loan without delay or incident, the Court concludes that the "substantially contemporaneous" standard has been satisfied.

Accordingly, the Court concludes that the trustee may not avoid the creditor's mortgage. The complaint is dismissed. The parties shall bear their own costs.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Dated:   May 11, 2005

                    BY THE COURT:

                    /s/ Thomas S. Utschig

                    Hon. Thomas S. Utschig
                    U.S. Bankruptcy Judge